THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARCUS COMER, Defendant-Appellant.

Third District    No. 78-391

Opinion filed December 7, 1979.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin and Martin Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of conviction entered by the circuit court of Rock Island County after jury trial finding the defendant, Marcus Comer, guilty of armed robbery under an accountability theory.

On January 6, 1978, at 1:30 a.m., two black males entered Jacob's Super Valu Grocery Store in Milan, Illinois. One, Reginald Pendleton, was wearing an orange coat and a blue hat and had an afro haircut; the other, the defendant, wore a dark coat and glasses and had a moustache and braided hair.

Defendant chose eight apples and then he and Pendleton went to the register to pay for them. Defendant handed the clerk, Patricia Upton, money for the apples. When Upton started to give defendant his change, Pendleton took a small revolver from under his coat, grabbed her by the arm, and told her to step back. Defendant told Pendleton to make Upton lie down on the floor. While on the floor Upton heard the cash drawer being taken out and put on the counter. She heard defendant tell Pendleton not to take the last 20. Upton explained that this bill was taped face down to a silent alarm system. Upton did not see defendant put his hand in the cash drawer, nor did she see him display a pistol.

Defendant and Pendleton then left the store.

The police were called. Upton told them that all currency, as well as the food stamps and checks, had been taken from the cash drawer.

The arresting officer received a radio transmission describing the two black males. He saw a car occupied by two men matching the descriptions and followed it, signalling it to stop. When the two occupants got out of the car a roll of pennies fell from the driver's side. No money was found on the defendant's person, nor was any weapon found on either the defendant or Pendleton or in the car, although one similar to the one used in the robbery was subsequently found along the route defendant and Pendleton travelled.

On the night the defendant was arrested he gave a statement to police denying that a robbery had occurred. At trial defendant testified that Pendleton had robbed the store but denied that he had participated in the robbery. He also denied any knowledge that Pendleton had intended to rob the store.

At the jury instructions conference the State tendered a modified form of the armed robbery issues instruction. That instruction was given over an objection by the defense.

On May 23, 1978, defendant was found guilty of armed robbery. On June 23, 1978, defendant was sentenced to a term of imprisonment from four to 10 years.

The sole issue on appeal is whether the trial court erred in giving a modified Illinois Pattern Jury Instruction which suggested to the jury that the defendant could be convicted of armed robbery under an accountability theory despite the fact that he acted without any intent to promote or facilitate the commission of the armed robbery.

The modified instruction tendered was:

"To sustain the charge of armed robbery, the State must prove the following propositions:

First: That the defendant or a person whom the defendant aided or abetted took United States Currency, checks and food stamps from the person or presence of Patricia Upton; and

Second: That the defendant or a person whom the defendant aided or abetted did so by the use of force or by threatening the imminent use of force; and

Third: That the defendant or a person whom the defendant aided or abetted was armed with a dangerous weapon.

If you believe from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty." Illinois Pattern Jury Instruction, Criminal, No. 14.02 (1968), modified.

■■ It is the duty of our judicial system to grant every defendant a fair trial. This requires not only that proper evidence be submitted to the jury but also that the jury be clearly instructed in the law so that it may properly determine whether sufficient evidence has been introduced to prove a defendant guilty beyond a reasonable doubt.

When a defendant is tried under a theory of accountability, the State must prove that the defendant (1) either before or during the commission of the offense, and (2) with the intent to promote or facilitate the commission of the offense (3) solicited, aided, abetted, agreed, or attempted to aid such other person in the planning or commission of the offense. (Ill. Rev. Stat. 1977, ch. 38, par. 5—2(c).) Each of those elements must be proved. *People v. Trapps* (1974), 22 Ill. App. 3d 1029, 318 N.E.2d 108; *People v. Grashoff* (1974), 21 Ill. App. 3d 282, 315 N.E.2d 209.

In addition each element of the offense for which the State seeks to hold defendant accountable must be proved.

■■ In order for a jury to determine whether a defendant should be held accountable for the acts of another, it must be properly instructed concerning the elements of the offense and as to the elements of accountability. This court has already stated that it favors the addition of the language of the accountability instruction to the issues instruction. (*People v. Grashoff.*) We believe that such addition will clarify the principle of accountability and assist the jury.

■■ The State argues that the words "or a person whom the defendant aided or abetted" are a sufficient addition. They cite *People v. Heflin* (1978), 71 Ill. 2d 525, 376 N.E.2d 1367, and *People v. Grignon* (1976), 37 Ill. App. 3d 418, 346 N.E.2d 82, in which the words "a person for whose conduct defendant is legally responsible" were found sufficient. We do not agree that the addition in the instant case is tantamount to the addition in *Heflin* and *Grignon*. It is possible that one could aid and abet in the commission of an offense and still not be legally responsible for the

conduct of the one who committed the offense. *People v. Wright* (1976), 43 Ill. App. 3d 458, 357 N.E.2d 224.

■ We believe that the issues instruction which was given could easily mislead a jury into thinking that aiding and abetting in the offense was sufficient without the specific mental state required for accountability.

The court did give to the jury an accountability instruction which stated:

"A person is responsible for the conduct of another person when, either before or during the commission of a crime, and with the intent to promote or facilitate the commission of a crime, he knowingly solicits, aids, abets, agrees or attempts to aid the other person in the planning or commission of the crime."

It is the State's contention that the issues instruction taken in combination with the accountability instruction was sufficient to inform the jury as to the accountability theory. In other words, any omissions in the issues instruction were supplied if the jurors would bridge the gap by finding such omissions in another instruction. We quarrel not with the State's assertion that a jury should examine all the instructions in seeking guidance (*People v. Duckins* (1978), 59 Ill. App. 3d 96, 375 N.E.2d 173); however, a jury should not be compelled to enter into an exercise of interpolation in order to seek out the elements which must be proven as to a criminal offense. Faulty or unclear instructions cast serious doubts upon whether a defendant received a fair trial.

For the reasons stated above the judgment of the circuit court of Rock Island County is hereby reversed and the cause is hereby remanded for new trial.

Reversed and remanded.

STOUDER, P. J., and ALLOY, J., concur.